UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

KEITH HENDERSON,
a/k/a/ ALAN KEITH HENDERSON,
    Petitioner,

vs.                             Case No.:  5:25cv216/TKW/ZCB

SECRETARY DOC,
STATE OF FLORIDA,
    Respondent.
_____/

## REPORT AND RECOMMENDATION

Petitioner, Keith Henderson, has filed a habeas corpus petition under 28 U.S.C. § 2254.  (Doc. 1).  Respondent has moved to dismiss the petition as untimely.  (Docs. 20, 23).  Petitioner was invited to respond to Respondent's untimeliness argument, but he has not done so.  (Doc. 24).  For the reasons below, Respondent's motion to dismiss should be granted.[1]

### I.    Background

On February 16, 2018, Petitioner entered a no contest plea in the Jackson County Circuit Court to robbery and grand theft.  (Doc. 20-3).

---

[1] This matter can be resolved without an evidentiary hearing.  Rule 8(a), Rules Governing Section 2254 Cases.

1

The trial court accepted the plea and sentenced Petitioner to three years of probation.  (Doc. 23-22 at 16).

Petitioner violated the terms of his probation, and he was subsequently sentenced to twenty years' imprisonment.  (Doc. 23-7). Petitioner appealed, and the Florida First District Court of Appeal (First DCA) affirmed on March 4, 2020.  (Doc. 23-12).  Petitioner did not seek further direct review.

On July 29, 2021, Petitioner filed a motion for postconviction relief in the trial court under Florida Rule of Criminal Procedure Rule 3.850. (Doc. 23-13).  After Petitioner filed several amended motions, the trial court denied relief on September 19, 2023.  (Doc. 23-22).[2]  Petitioner did not appeal.

On October 20, 2023, Petitioner filed a petition for writ of habeas corpus in the trial court.  (Doc. 23-25).  The trial court dismissed the petition as procedurally barred and untimely on December 15, 2023. (Doc. 23-26).

---

[2] While the Rule 3.850 motion was pending, Petitioner filed, and the trial court denied, a motion to correct illegal sentence under Florida Rule of Criminal Procedure 3.800.  (Docs. 23-23, 23-24).

On October 27, 2023, petitioner filed another Rule 3.850 motion in the trial court. (Doc. 23-27).[3] The trial court struck the motion on December 18, 2023, as facially insufficient and gave Petitioner sixty days to file an amended Rule 3.850 motion. (Doc. 23-28). Petitioner did not file an amended motion by the deadline.

On July 1, 2024, Petitioner filed another Rule 3.800 motion in the trial court. (Doc. 23-29). On August 14, 2024, the trial court dismissed the motion as facially insufficient, untimely, and successive. (Doc. 23-30). Thereafter, Petitioner filed several more postconviction petitions and motions in the trial court. (Doc. 23-32; Doc. 23-34; Doc. 23-35; Doc. 23-37). None of those applications were successful. (Doc. 23-33; Doc. 23-36; Doc. 23-38).

---

[3] Respondent argues that Petitioner is not entitled to the benefit of the prison mailbox rule because he did not follow the FDOC legal mail stamp procedure. (Doc. 23 at 4 n.4). Under the prison mailbox rule, a *pro se* prisoner's document is deemed filed on the date the prisoner delivered it to prison authorities for forwarding to the court. *Houston v. Lack*, 487 U.S. 266, 270 (1988). The mailbox rule does not include an institutional mail stamp requirement. Petitioner's Rule 3.850 motion certifies that he provided it to a prison official for mailing on October 27, 2023. (Doc. 23-27 at 8). This satisfies the requirements of the prison mailbox rule.

Petitioner filed the current 28 U.S.C. § 2254 habeas corpus action on August 11, 2025. (Doc. 1 at 20). Respondent has moved to dismiss, arguing the petition was filed after expiration of the one-year limitations period found in 28 U.S.C. § 2244(d)(1). (Docs. 20, 23).

## II.   Discussion

A one-year limitations period applies to the filing of a § 2254 habeas petition. 28 U.S.C. § 2244(d)(1). The one-year period runs from the latest of:

> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The statute also includes a tolling provision that provides as follows: "The time during which a properly filed application for State post-conviction or other collateral review with respect to the

4

pertinent judgment or claim is pending shall not be counted toward any period of limitation . . . ."  28 U.S.C. § 2244(d)(2).

In his motion, Respondent argues (and Petitioner does not dispute) that the trigger for the one-year period in this case is the date the judgment became final under § 2244(d)(1)(A).  (Doc. 23 at 8).  Petitioner's judgment became final when the window to seek review in the Supreme Court of the United States closed.  *See Jimenez v. Quarterman*, 555 U.S. 113, 120 (2009) (explaining that "when time for seeking certiorari review in this Court expired," then the "petitioner's conviction became 'final' . . . under § 2244(d)(1)(A).").  The time period for seeking review in the Supreme Court of the United States began on March 4, 2020—the date the First DCA affirmed Petitioner's judgment.  (Doc. 23-12).  The time

5

period ended 150 days later[4] on August 3, 2020.[5]  The one-year clock under § 2244(d)(1)(A) started running the next day, August 4, 2020.[6]

The clock for the federal limitations period ran for 359 days until it paused on July 29, 2021, when Petitioner properly filed a Rule 3.850 motion in the trial court.  (Doc. 23-13); 28 U.S.C. § 2244(d)(2) (tolling the time during the pendency of a properly filed state court motion for postconviction relief or other collateral review).  The federal clock began running again on October 20, 2023, the day after Petitioner's thirty-day window to appeal the trial court's denial of his Rule 3.850 motion expired. (Doc. 23-22); *see* Fla. R. App. P. 9.110(b) (stating that a notice of appeal

---

[4] Typically, a party has ninety days to file a certiorari petition.  Sup. Ct. R. 13.1, 13.3.  But because of the COVID-19 pandemic, the Supreme Court temporarily extended that deadline to 150 days for certiorari petitions due on or after March 19, 2020.  *See* Miscellaneous Order Addressing the Extension of Filing Deadlines [COVID-19], 334 F.R.D. 801, 589 U.S. — (Mar. 19, 2020).  That order was in effect until July 19, 2021.  *See* Miscellaneous Order Rescinding COVID-19 Related Orders, 338 F.R.D. 801 (July 19, 2021).

[5] The 150-day deadline fell on Saturday, August 1, 2020, but was extended to the next day that was not a Saturday, Sunday, or legal holiday.  *See* Fed. R. Civ. P. 6(a)(1)(C).

[6] Federal Rule of Civil Procedure 6(a) provides that "[i]n computing any period of time . . . exclude the day of the event that triggers the period[.]" Fed. R. Civ. P. 6(a)(1)(A); *see also id.*, Advisory Committee's Note to 2009 Amendment ("The day of the event that triggers the deadline is not counted."); *Moore v. Campbell*, 344 F.3d 1313, 1319-20 (11th Cir. 2003) (recognizing that Rule 6 applies to the deadline for § 2254 petitions).

must be filed in the lower court within thirty days of rendition of the order to be reviewed); *see generally Cramer v. Sec'y, Dep't of Corr.*, 461 F.3d 1380, 1383-84 (11th Cir. 2006) (holding that when a Florida petitioner does not appeal the trial court's denial of postconviction motion, the motion remains pending until the time to seek review expires).

The federal clock ran for another six days until it expired on October 26, 2023 (359 days + 6 days = 365 days).[7] Petitioner filed several postconviction applications in state court after the expiration date, but they do not qualify for statutory tolling under § 2244(d)(2). *See Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000) ("A state-court petition . . . that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled."). Petitioner filed his § 2254 petition on August 11, 2025—nearly two years after it should have been filed. (Doc 1). Thus, his petition was untimely.

---

[7] Petitioner's habeas petition, filed in the trial court on October 20, 2023, did not qualify for tolling under § 2244(d)(2). (Doc. 23-25). That is because it was dismissed as untimely. (Doc. 23-26); *see Pace v. DiGuglielmo*, 544 U.S. 408, 413-417 (2005) (explaining that an untimely state post-conviction petition is not properly filed within the meaning of § 2244(d)(2)).

Petitioner has not argued that any recognized exception excuses his failure to timely file his § 2254 petition. Nor are any exceptions readily apparent from the record. Because Petitioner filed his § 2254 petition after the one-year limitations period in 28 U.S.C. § 2244(d)(1) had expired, his petition was untimely filed. It is, therefore, subject to dismissal with prejudice. *See Jeffus v. Sec'y, Fla. Dep't of Corr.*, 759 F. App'x 773, 775 (11th Cir. 2018) (recognizing that dismissal of a § 2254 petition as untimely "constitutes a dismissal with prejudice on the merits").

### III.  Conclusion

For the reasons above, the petition for habeas relief under 28 U.S.C. § 2254 was untimely filed and should be dismissed.

### IV.  Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant[,]" and if a certificate is issued, "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." 28 U.S.C. § 2254 Rule 11(a). A timely notice of appeal must

still be filed, even if the court issues a certificate of appealability. 28 U.S.C. § 2254 Rule 11(b).

Section 2253(c) "permits the issuance of a COA only where a petitioner has made a 'substantial showing of the denial of a constitutional right.'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quoting § 2253(c)(2)). "At the COA stage, the only question is whether the applicant has shown that 'jurists of reason could disagree with the district court's resolution of his [or her] constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'" *Buck v. Davis*, 580 U.S. 100, 115 (2017) (citing *Miller-El*, 537 U.S. at 327). Petitioner cannot make that showing in this case. Therefore, the undersigned recommends denying a certificate of appealability.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Thus, if either party wishes to submit arguments on the issue of a certificate of appealability that party may do so in an objection to this Report and Recommendation.

Accordingly, it is respectfully **RECOMMENDED** that:

1.    Respondent's motion to dismiss as supplemented (Docs. 20, 23) be **GRANTED**.

2.    The 28 U.S.C. § 2254 petition for habeas corpus (Doc. 1) be **DISMISSED with prejudice** as untimely.

3.    A certificate of appealability be **DENIED**.

At Pensacola, Florida, this 20th day of April 2026.

/s/ *Zachary C. Bolitho*

Zachary C. Bolitho
United States Magistrate Judge

### Notice to the Parties

Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation.  <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u>  An objecting party must serve a copy of the objections on all other parties.  A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.